UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                               PLAINTIFF/GARNISHOR

v.                          No. 2:21-MC-00107

OSCAR AMOS STILLEY                                     DEFENDANT

and

CORNERSTONE STRUCTURAL
ENGINEERING, INC.                                      GARNISHEE

**OPINION AND ORDER**

Before the Court are Defendant Oscar Amos Stilley's motion (Doc. 7) for CM/ECF filing privileges and motion (Doc. 5) to quash the writ of garnishment issued in response to Garnishee Cornerstone Structural Engineering, Inc.'s answer to the Government's application for a writ of garnishment. No response is necessary. The motions will be denied.

This is a garnishment proceeding to collect an outstanding balance on the criminal judgment imposed on Oscar Amos Stilley.[1] On November 16, 2009, Stilley was convicted of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and two counts of attempted income tax evasion and aiding and abetting income tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. Stilley was sentenced to 60 months of imprisonment on each count to run consecutively, for a total of 180 months of imprisonment, and 3 years of supervised release. Stilley was also sentenced to pay a $300 special assessment and $776,280 in restitution, with interest. Stilley's outstanding judgment payment totals $812,561.61.

On October 25, 2021, the Government filed an application for a writ of garnishment in the

---

[1] *United States v. Oscar Amos Stilley*, 4:09-cr-00043-SPF-2 (N.D. Okla. Nov. 16, 2009).

1

Northern District of Oklahoma to collect on this outstanding balance. Following issuance of a writ of garnishment directing Garnishee Cornerstone Structural Engineering, Inc. to withhold 10% of property in its control in which Stilley has an interest, Stilley filed a motion to transfer the garnishment proceedings to this district and a motion to quash the writ of garnishment. The proceedings were transferred on December 8, 2021.

After transfer, Stilley, who before his disbarment was admitted to practice as an attorney before this Court and to file electronically, has entered a pro se appearance in this action. Stilley has moved for limited electronic case filing privileges, asking the Court to allow him to file and receive documents electronically in this case. Pursuant to this Court's Administrative Policies and Procedures Manual for Civil and Criminal Filings,[2] attorneys admitted to practice in this district must use the Court's electronic case filing system to file and receive service of filings, but pro se parties may only file and be served electronically if the presiding judge exercises his or her discretion to allow that access.

The arguments in Stilley's motion for electronic filing privileges do not convince the undersigned to depart from this Court's standard policy. The process of electronic filing and service is convenient to the Court and parties, but it may more easily be used for improper or unprofessional purposes than conventional filing and service. Attorneys are entrusted with electronic filing access as a matter of course because in addition to the federal rules binding the conduct of litigants, attorneys owe ethical obligations to the Court and opposing counsel that dissuade them from misuse of the electronic filing system. Stilley, now disbarred, owes no such professional obligations to the Court or to opposing counsel, but instead is bound only by the statutes and rules applicable to all parties in this Court. Furthermore, as discussed more fully

---

[2] Available online at https://www.arwd.uscourts.gov/documents.

below, Stilley's filings thus far address matters beyond the scope of these garnishment proceedings and fail to address the matters actually at issue before this Court. Allowing Stilley to more conveniently make inappropriate filings serves no appropriate end. Stilley's motion for CM/ECF filing privileges will be denied.

Stilley has also filed a motion to quash the writ of garnishment. The writ of garnishment issued pursuant to the postjudgment remedies subchapter of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3201–3206. In particular, the writ of garnishment issued pursuant to § 3205. Following the typical procedure set out in that section, the Government files an application for a writ of continuing garnishment, and if it satisfies a minimal burden, the Court issues a writ. The writ is then served on the garnishee and the judgment debtor, with instructions to the garnishee to answer the writ and instructions to the judgment debtor that he may object to the answer and obtain a hearing. Following any hearing, and assuming the garnishee has custody of the judgment debtor's nonexempt property, the Court enters a disposition order directing the garnishee what to do with that property. The disposition order is a postjudgment remedy the judgment debtor can then move to quash under § 3202(d).

Stilley has essentially combined the § 3205 objections and § 3202 motion to quash, but this procedural hiccup is immaterial to the outcome of these proceedings. Though both § 3205 and § 3202 may entitle a judgment debtor to a hearing, in this case Stilley's motion fails to raise any nonfutile basis for either objecting to Garnishee's answer or quashing a subsequent order of garnishment. The most common grounds for § 3205 objections are that the property held by the Garnishee is exempt property, or that the property is co-owned and not subject to garnishment under the relevant State law. The only grounds for a § 3202 motion to quash are that the judgment debtor has a valid exemption claim, noncompliance with statutory requirements for the issuance

of the postjudgment remedy, or, in the case of default judgments, the probable validity of the claim for the debt merged in the judgment and whether good cause exists to set aside the judgment. 28 U.S.C. § 3205(d).

The debt in this case does not arise from a default judgment. Furthermore, Stilley's motion does not identify any exemptions from garnishment or property held by the Garnishee that Stilley co-owns and that is protected from garnishment. Nor does Stilley's motion raise any failure of any party to comply with the statutory requirements for issuance of a postjudgment remedy.

Instead, Stilley's motion claims he is actually innocent of the crimes for which he was convicted. Stilley argues that various acts of perjury and procedural or substantive error occurred in connection with his trial and sentencing. Stilley also claims various acts of trial and posttrial misconduct or unethical behavior were committed by the Government and by the trial judge. Stilley attempts to incorporate his recently-denied motion to vacate under 28 U.S.C. § 2255 and the voluminous record associated with his case so far.

Having considered Stilley's motion, any hearing would be futile in these postjudgment remedy proceedings. The judgment and debt are a matter of court record, and Stilley's collateral attacks on that judgment must be raised by a § 2255 motion rather than in garnishment proceedings. Whether through appealing the denial of his § 2255 motion or by seeking leave to file a second or subsequent § 2255 motion, the relief Stilley now seeks must be sought in a court of appeals. His motion to quash will be denied.

IT IS THEREFORE ORDERED that Defendant Oscar Amos Stilley's motion for CM/ECF filing privileges (Doc. 7) and his motion to quash the writ of garnishment (Doc. 5) are DENIED.

IT IS SO ORDERED this 14th day of December, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE